UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEANTE TYRELL TAYLOR, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14 CV 325 |
| ) | |
| STATE OF INDIANA, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Deante Tyrell Taylor, a *pro se* prisoner, filed a complaint seeking $2,600,000 from the State of Indiana for violating his speedy trial rights. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law; (2) suits involving circumstances where Congress has abrogated the state's immunity from suit; and (3) suits involving circumstances where the state has waived its sovereign immunity and consented to suit in federal court. *MCI Telecommunications Corp. v. Ill.*

*Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions applies in this case. First, Taylor is not suing a state official and is not seeking injunctive relief. Second, State immunity was not abrogated by the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Third, Indiana has not consented to this lawsuit. Therefore this case must be dismissed because the State of Indiana is immune from suit.

It is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, see *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), but not when any amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. Taylor cannot amend to name either his State court trial judge nor the prosecuting attorney because they have absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) and *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Neither can he amend to seek injunctive relief to overturn his criminal conviction because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 30, 2014

    s/ James T. Moody           
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT